IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILLIAM L. ELLIS, SR, *on behalf of* ELLISSOUND MUSIC CO, LLC, | : : : : |
| Plaintiff, | : |
| v. | :  NO. 4:23-cv-177-CDL-MSH |
| SEABREEZE MHP, LLC, | : : |
| Defendant. | : |
| _____ | : |

## ORDER

On October 11, 2023, Plaintiff William Ellis, Sr., on behalf of Ellissound Music Company, filed a *pro se* complaint (ECF No. 1). However, Plaintiff failed to pay the filing fee or submit a motion to proceed without payment of the filing fees. Before this action can continue, Plaintiff must either pay the required $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiff must comply with this directive within **TWENTY-ONE (21) DAYS** of the date of this Order. The Clerk is **DIRECTED** to forward all required forms to Plaintiff along with a copy of this Order.

While this Court must liberally construe Plaintiff's *pro se* complaint, *pro se* litigants are still required to conform to the procedural rules. *See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010). One of these rules is that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court concludes that Plaintiff's complaint fails to comply with this requirement. Plaintiff's filing is rambling and attempts to connect seemingly unrelated

issues and is replete with legalese. Based on his complaint and attachments, it is possible that Plaintiff wishes to assert a claim against a debt collector pursuant to the Fair Debt Collection Act. (ECF No. 1-1).

Further, a *pro se* party may not represent a corporation. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384-85 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). It is unclear at this stage whether Plaintiff intends to represent Ellissound Music Company, and Plaintiff appears to assert that he is in attorney-in-fact, and he appears to suggest that he is licensed to practice in the state of Georgia by virtue of a Bar number granted by the State Bar of Georgia. Compl. 7. Plaintiff further asserts that all parties are corporations. *Id.* at 2. The Court's brief review of the rolls of the State Bar of Georgia does not show a licensed attorney by the name of William Ellis.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file a recast complaint to address these shortcomings. Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. The Court will, therefore, consider only the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the Court. Accordingly, any fact Plaintiff deems necessary to prosecute his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff shall also clearly identify those individuals he wishes to include as named defendants in this case. It is also recommended that, when drafting his recast statement of claims, Plaintiff succinctly state in a numbered list (1) *who* Plaintiff seeks to include as a defendant, (2) *what* each defendant did to violate Plaintiff's rights or breach an obligation to Plaintiff, (3) *when* and *where* each action occurred, (4) *how* Plaintiff was injured as a result of each defendant's actions, and (5) *what* relief Plaintiff seeks from each defendant. Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The Court warns Plaintiff that that it may dismiss his action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."). Rule 11(b) of the Federal Rules of Civil Procedure also prohibits the filing of "a pleading, written motion, or other paper . . . for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). If an attorney or unrepresented party violates this rule, the Court may order sanctions on its own initiative, including "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

In summary, Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the filing fee or submit a motion to proceed IFP and to submit a recast complaint. His failure to fully and timely comply with this Order will result in the dismissal of this action.

SO ORDERED, this 12th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE