**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| WILLIAM L. ELLIS, SR, *on behalf of* ELLISSOUND MUSIC CO, LLC, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 4:23-cv-177-CDL-MSH |
| SEABREEZE MHP, LLC, | : : | |
| Defendant. | : : | |
| _____ | : | |

**<u>ORDER AND RECOMMENDATION OF DISMISSAL</u>**

Pending before the Court is Plaintiff William Ellis, Sr.'s *pro se* complaint (ECF No. 1) on behalf of Ellissound Music Company. Also pending is Plaintiff's motion to proceed *in forma pauperis* ("IFP") (ECF No. 4). For the reasons stated below, the Court grants Plaintiff's motion to proceed IFP but recommends his complaint be dismissed.

**I.    Motion for Leave to Proceed IFP**

Under 28 U.S.C. § 1915, a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff has established that he is indigent for the purpose of 28 U.S.C § 1915. Therefore, his motion for leave to proceed IFP (ECF No. 4) is **GRANTED**.

## II.     Frivolity Review

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993) (per curiam)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action[.]" *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (quotation marks omitted).  Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]"  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Plaintiff's claim is, at best, difficult to construe, even after filing what the Court construes as his previously ordered recast complaint (ECF Nos. 3, 6).  In the Court's order to recast, the Court noted Plaintiff appeared to be asserting a claim against a debt collector pursuant to the Fair Debt Collection Act, and the Court advised Plaintiff that a *pro se* party—such as Plaintiff—may not represent a corporation.  Order 2, ECF No. 3.  In relevant part, Plaintiff states the claim he asserts is between "Ellissound Music Corporation LLC" ("Ellissound"), a corporation allegedly doing business in Georgia, and Seabreeze MHP LLC ("Seabreeze"), apparently another corporation, which is located in Columbus, Georgia.  Recast Compl. 1, 4, ECF No. 6.  Plaintiff seeks $70,000 in damages, and he again asserts that he is an attorney-in-fact.  *Id.* at 4.  The Court recommends that Plaintiff's complaint be dismissed because Plaintiff has failed to state a claim, because Plaintiff may not represent a corporation, and because the Court lacks subject-matter jurisdiction.

First, Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA").  To state a claim under the FDCPA, a plaintiff must allege that a defendant

3

"is a debt collector and that it engaged in some act prohibited by the FDCPA, or failed to disclose information required by the FDCPA, in attempting to collect" from the plaintiff on his consumer debt. *Purser v. Weinstock & Scavo, P.C.*, No. 1:08-CV-2466-CAP-CCH, 2008 WL 11443084, at * 7 (N.D. Ga. Nov. 6, 2008), *recommendation adopted by* 2009 WL 10707838 (N.D. Ga. Jan. 8, 2009). Importantly, the FDCPA does not apply to business debts. *Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 F. App'x 891, 893 (11th Cir. 2006) (per curiam). The statute explicitly states that a "debt" under the FDCPA is for "personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5). Here, assuming without deciding that Plaintiff has properly alleged all other required elements, Plaintiff alleges that the subject claim is between two corporations. As a result, the FDCPA does not apply, and Plaintiff has failed to state a claim.

Second, as the Court previously advised Plaintiff, as a *pro se* party, Plaintiff may not represent Ellissound. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citation omitted). "The general rule applies even where the person seeking to represent the corporation is its president and major stockholder." *Id.* Neither can a corporation assign its claim to a *pro se* party to avoid this rule against representation. *Id.* at 1385-86. Here, Plaintiff has again asserted a claim on behalf of a corporation, and again purports to be an attorney-in-fact. Recast Compl. 4, ECF No. 6. A review of the rolls of the State Bar of Georgia does not show a licensed attorney by the name of William L. Ellis, Sr. Neither has any attorney admitted to practice in this Court entered an appearance on behalf of

Ellissound. As a result, the Court recommends that Plaintiff's complaint be dismissed for lack of proper representation. *Palazzo*, 764 F.2d at 1386 (affirming dismissal of claims for lack of proper representation where a *pro se* party sought to assert them on behalf of a corporation).

Finally, the Court lacks jurisdiction. "Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted); *see also In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008) ("[I]t is a duty of this Court to determine whether it has jurisdiction over a particular matter, even if doing so raises the issue *sua sponte*."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). In determining whether subject matter jurisdiction exists in a *pro se* case, the Court liberally construes the plaintiff's complaint. *Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007) (per curiam). However, a plaintiff must "affirmatively allege facts demonstrating the existence of jurisdiction." *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (per curiam) (citation omitted).

As discussed above, Plaintiff's allegations do not state a claim under the FDCPA, and Plaintiff has not alleged any other federal statutory or constitutional basis for jurisdiction. Therefore, Plaintiff's only option is to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

"A federal court has diversity jurisdiction over an action where: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the parties are citizens of different states." *Goodin v. Fidelity Nat'l Title Ins. Co.*, 491 F. App'x 139, 142 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1332(a)(1). Plaintiff seeks damages in the amount of $70,000. Recast Compl. 4. Thus, from the face of the Complaint, he has failed to allege the amount in controversy requirement. Additionally, Plaintiff has not affirmatively alleged the parties are citizens of different states. To allege jurisdiction based on the diversity of parties, diversity "must be complete; no plaintiff can be a citizen of the state as any defendant." *Mulkey v. Land Am. Title Ass'n, Inc.*, 345 F. App'x 525, 526 (11th Cir. 2009) (per curiam). Corporations are deemed to be citizens of each state in which they have been incorporated. 28 U.S.C. 1332(c)(1). Further, because a plaintiff bears the burden of establishing the jurisdiction, a district court cannot assume it has jurisdiction to reach the merits of a case. *Mulkey*, 345 F. App'x at 526 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Based on Plaintiff's allegations, which the Court must take as a true, Plaintiff appears to allege that Ellissound is incorporated in Georgia and Seabreeze is based in Columbus, Georgia. It is, thus, unclear where both corporations reside for the purposes of diversity jurisdiction, and Plaintiff has not carried his burden to allege complete diversity. Accordingly, the Court also recommends Plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court recommends that Plaintiff's recast complaint (ECF No. 6) be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 6th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE